to determine the value of the collaterals held by the defendant surety company, and, when such value has been ascertained, then to make such order concerning the sufficiency of the surety as the proofs may warrant.

The order appealed from is reversed, with $10 costs and disbursements, and the matter remitted to the special term, as indicated in this opinion. All concur.

---

(55 App. Div. 580.)

### WASHINGTON SAV. BANK v. FLETCHER et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

PARTIES—APPLICATION TO BE MADE PARTY DEFENDANT—INTEREST OF PARTY —SUFFICIENCY.

    Code Civ. Proc. § 452, provides that, where a person not a party to an action has an interest in the subject-matter, the court must direct him to be brought in by proper amendment. Plaintiff discounted two notes executed by the A. Publishing Company, and indorsed by its vice president, and held $10,000 worth of the company's bonds as collateral security, and on insolvency of the company and its consequent reorganization plaintiff surrendered the bonds to a new corporation known as the J. Company, and agreed to accept its bonds in lieu thereof. The new bonds were issued to a committee for distribution among the creditors of the old corporation, and plaintiff sued the committee for $10,000 worth of the bonds. The J. Company moved to be made a party defendant, and alleged that the old corporation received but $3,800 from the notes, and that the balance was fraudulently credited to the vice president of the old corporation, who was heavily indebted to plaintiff. *Held*, that the interest of the J. Company was sufficient to entitle it to be made a party defendant.

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by the Washington Savings Bank against Austin B. Fletcher and others. Motion by the Judge Company to be made a party defendant. From an order granting the motion, plaintiff appeals. Affirmed.

Appeal by plaintiff from an order by which the Judge Company was, on its own motion, made a defendant in the action, and was permitted to answer the complaint. The application was made under section 452 of the Code of Civil Procedure, which provides, among other things, that, "where a person not a party to an action has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by proper amendment." · The plaintiff was a creditor of the Arkell Publishing Company. In April, 1898, it held two promissory notes of that company, which were payable to the order of, and were indorsed by, one George O. Ferguson; and it is stated in the complaint that such notes were discounted by the plaintiff for said Ferguson, who deposited with it, as collateral security to the notes, 20 bonds of the Arkell Publishing Company of $500 each. The following allegations of facts are also contained in the complaint: In June, 1898, the Arkell Company became insolvent. Proceedings for its voluntary dissolution were instituted in the supreme court, and a receiver was appointed. The bonds, of which those held by the plaintiff as collateral security were a part, were secured by a mortgage made to the Knickerbocker Trust Company as trustee, and in March, 1899, a judgment of foreclosure of such mortgage was entered. In August, 1898, a plan of reorganization of the Arkell Company was formulated, and forwarded to its creditors, including the plaintiff, and such creditors were invited to join in the reorganization under that plan, which, among other things, provided for the organization of a new cor-

poration, which should acquire all the property of the Arkell Publishing Company, and should issue various bonds to be secured by a mortgage. Certain of the bonds known as "Series A" were to be a first lien upon the property of the new corporation, and were to be issued and delivered to the creditors of the old corporation who had loaned money, and for which collateral security was then held; such issue to be to each creditor to the amount of his or its claim. A reorganization committee was appointed, and its members were the defendants in this action as it was originally framed. It was contemplated that the bonds of the new corporation should be delivered to such committee, and distributed in accordance with the plan of reorganization. The plaintiff agreed to the scheme, and signed the agreement of reorganization with other creditors. Thereafter a sale was had under the mortgage of the Arkell Company, and the property covered by it was bid in for the benefit of a new corporation formed, namely, the Judge Company. The last-named company prepared and issued its bonds, and delivered them to the committee of reorganization, and the plaintiff surrendered the Arkell Company bonds held by it, and delivered a receipt in which it is recited that it (the plaintiff) "received of the Judge Company its mortgage bonds and scrip, Series A, amount $10,478.34, in accordance with the agreement or reorganization of the Arkell Publishing Company"; and at the same time it set over and released to the Judge Company all its right, title, and interest to the assets of the Arkell Publishing Company, consented to the payment by the receiver to the Judge Company of any sum he might have in his hands belonging to that company, and authorized and directed the committee on reorganization to transfer to the Judge Company any and all interest in any rights or property which it had in the assets of the Arkell corporation. The defendants having received the new bonds of the Judge Company, the plaintiff demanded the delivery to them of bonds equal in amount to those held by it originally as collateral, which demand being refused this action was brought, and the relief prayed for is that the defendants be adjuged to hold the bonds and scrip of the Judge Company as trustees for the plaintiff; that they be perpetually enjoined and restrained from delivering and transferring the bonds to any other person or corporation than the plaintiff, and that they be required to deliver and transfer the same, together with all accrued interest, to the plaintiff; and for other relief. The members of the committee, by their joint answer, set up as an affirmative defense that the Arkell Company, being desirous of raising a sum of money, requested Ferguson to obtain for it a discount of two of its promissory notes aggregating $10,000, which are the same promissory notes mentioned in the complaint, and that they agreed to pay to him the sum of $2,500 for that service, to be applied in a certain way; that Ferguson procured the plaintiff to discount the notes, and that, if that discount was made for Ferguson, it was done without the knowledge of the Arkell Company, which corporation never approved nor ratified Ferguson's act; that at the time the discount was procured Ferguson was the vice president of the plaintiff, and a member of its executive committee, to which were submitted matters of discount by the plaintiff; that Ferguson sat as a member of that committee, and took part in its deliberations when the discount of the notes was under consideration; that before the discount was made the bonds of the Arkell Company were sent to the plaintiff as intended collateral security to the loan or discount, "which said company then informed said bank it understood said Ferguson was arranging." The answer then proceeds to state on information and belief that the notes were discounted by the plaintiff for the benefit of the Arkell Publishing Company; that Ferguson was an accommodation indorser; that at the time the discount was made he was largely indebted to the plaintiff; and that the plaintiff, with full knowledge that the proceeds of the notes belonged to the Arkell Publishing Company, applied those proceeds to the satisfaction of Ferguson's indebtedness to it. They also allege that the Arkell Publishing Company received out of the proceeds of the discount only the sum of $3,800, and that that company had no knowledge of the use of its funds, and never authorized or permitted Ferguson to use the proceeds in the manner in which it is claimed he did use them. The defendants admit that they received the bonds of the Arkell Company that the plaintiff held as collateral security, and that they also received from the Judge Company the bonds for distribution under the reorganization agree-

ment, but that before the commencement of this action they for the first time discovered the facts set forth in their answer concerning the discount and use of the proceeds of the notes, and that the lawful claims of the plaintiff were much less than the sum claimed by it; and they therefore withhold the delivery of the new bonds to the plaintiff until an accounting can be had between it and the Judge Company as to the amount of the indebtedness.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis F. Doyle, for appellant.
William P. S. Melvin, for respondents.

PATTERSON, J.    The right of the Judge Company to be made a party to the action depends upon its being interested in the subject thereof, and it is urged by the appellant that it is quite plain that that company has no interest in the result of the action; that such action relates to a trust created for the plaintiff's benefit by the reorganization agreement, and to a contract to which the Judge Company is not a party; that that company issued bonds in payment for property acquired by it; that the plaintiff has the right to the possession of certain of those bonds, and to sell them to pay the debt for which they were to be substituted collateral; that the Judge Company, while in possession of the property for which the bonds were issued, cannot claim that the new bonds should not be put in circulation, or given to creditors who are entitled to them under the reorganization agreement.    The argument apparently is that the Judge Company, under the terms of the reorganization agreement, was bound to deliver to the trustees for distribution a certain number or amount of bonds, of which the plaintiff was entitled to a fixed proportion, and that the Judge Company has no property right or interest to protect, for by the issuance of those bonds it simply performed what it was obliged to perform under the terms of the reorganization agreement; that no right or interest or lien of any kind of the Judge Company can be cut off or affected by a judgment in the action as it was originally constituted; that all the plaintiff seeks is the delivery to itself of obligations of the Judge Company issued by it and outstanding in the hands of the original defendants, who hold them as trustees for the plaintiff. The argument of the appellant would have much weight were it not for additional facts which greatly qualify it.    Upon looking at the second paragraph of the reorganization agreement, we find that the bonds, series A, of which the plaintiff claims a part, were to be delivered to creditors who have loaned money, "for which the creditors now hold collateral security," but "to the amount of their claims."    While the provision cited refers to the substitution of new for old collateral, the amount of the new collateral thus to be substituted is measured by the amount of the creditor's claim.    The contention of the Judge Company is that that means the amount of the lawful and just claim of the creditor against the Arkell Company, and nothing else.    It insists that the amount of the plaintiff's claim is $3,800; that no indebtedness existed against the Arkell Company in favor of the plaintiff for any larger amount, for the rea-

son that, with knowledge of the relations of Ferguson to the Arkell Company, the plaintiff misapplied the proceeds of the discount, and diverted a large portion thereof from the Arkell Company to pay a debt which Ferguson owed the plaintiff. Concerning the real merits of this controversy, we have now nothing to decide, but, if the construction of the Judge Company of the provision of the reorganization agreement referred to is correct, and the facts of the transaction are such as it claims, it has a very apparent interest in the defense of this action. What was decided by this court in Bank v. Ferguson, 43 App. Div. 74, 59 N. Y. Supp. 295, does not affect this question. What the Judge Company seeks to do here is 'to have its rights as against the plaintiff adjudicated, and to have it established that the plaintiff is entitled to no more security under the terms of the agreement than the equivalent amount of the just indebtedness of the Arkell Company to the plaintiff. It has a right to present and conduct its own defense, and is not to be deprived of that right because the members of the committee may have set up the facts constituting that defense in their answer. It may not be available to the committee, while it may be to the Judge Company.

In this view of the case,—but, of course, without expressing any opinion as to the merits of the controversy,—we think the order allowing the Judge Company to come into the action was properly made, and should be affirmed, with costs.

O'BRIEN, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). Upon their own showing, the Judge Company cannot attack in this action the right of the plaintiff to the bonds in question. The defendants, having got plaintiff's collateral, cannot now attack his right to the bonds without restoring that which they received.